## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MAXINE ANN MELLINGER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1012** (BOR Appeal No. 2045424)
                    (Claim No. 2003053188)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Maxine Ann Mellinger, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Homer Laughlin China Company, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2011, in which the Board affirmed a November 29, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 1, 2010, decision denying Ms. Mellinger's request for authorization of a TENS unit. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Mellinger worked as a messenger for Home Laughlin China Company when she injured her back on February 24, 2003. The claim was held compensable for the conditions of lumbosacral strain and hip sprain/strain. On January 1, 2010, the claims administrator denied Ms. Mellinger's request for authorization of a TENS unit.

The Office of Judges affirmed the claims administrator's decision, and held that the requested treatment was not medically related or reasonably required to treat the compensable injury because the TENS unit was requested to treat pain resulting from preexisting degenerative changes rather than the compensable seven-year-old lumbosacral strain. Ms. Mellinger disagrees with these findings and asserts that Dr. Eddy's medical exam is more credible regarding her current condition than a medical exam performed three years ago by Dr. Mansour. Home Laughlin China Company maintains that there is no reliable, probative, or substantial evidence to support that a TENS unit was reasonably and medically required to treat Ms. Mellinger's compensable lumbar sprain/strain. Dr. Mansour's report stated that the EMG performed on May 17, 2006, ruled out radiculopathy, and that the MRI performed on May 17, 2006, showed diffuse bulging causing thecal sac compression with sensory deficits. Dr. Mansour found Ms. Mellinger had reached maximum medical improvement and no surgical, medical intervention or treatment would change her condition. Dr. Eddy's medical statement reported that based on his examination on October 5, 2009, he believed Ms. Mellinger's condition is causally related to a work injury and a TENS unit should be authorized, and that this service is medically and reasonably necessary due to her continuous pain.

The Office of Judges concluded that the medical evidence did not establish a causal relationship between the treatment requested and the compensable injury. After considering Dr. Mansour and Dr. Eddy's medical reports, the Office of Judges noted that Dr. Eddy made a factually unsupported request for authorization of a TENS unit for continued symptoms of pain. It also noted the TENS unit was not medically related or reasonably required to treat the compensable injury because it was requested to treat pain resulting from preexisting degenerative changes rather than the compensable seven-year-old lumbosacral strain. The Office of Judges further noted that the claim was found compensable for lumbosacral strain and hip sprain/strain but not radiculopathy or displaced lumbar disc. The Board of Review reached the same reasoned conclusions in its June 7, 2011, Order. We agree with the reasoning and conclusions of the Board of Review

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** March 27, 2013

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin